HELENA A. WOOD, Respondent, *v.* WALTER A. WOOD, Respondent. ZELENKO & ELKIND, Appellants.

First Department, October 20, 1964.

*Herbert Zelenko* of counsel (*Philip I. Aaron* with him on the brief), for Zelenko & Elkind, appellants in person.

*Martin Kleinbard* of counsel (*John Lyon* with him on the brief; *Paul, Weiss, Rifkind, Wharton & Garrison,* attorneys), for Helena A. Wood, respondent.

*Schwartz & Frohlich,* attorneys for Walter A. Wood, respondent.

EAGER, J. The attorneys, who formerly represented the plaintiff in this action, appeal from the order for substitution of attorneys and from the order denying reargument, insofar as such orders limit to a counsel fee award their recovery from plaintiff for the services rendered in a matrimonial action to the time of the entry of judgment.

The action was brought by the plaintiff wife against her husband for separation, and the defendant had interposed therein a first counterclaim for a declaratory judgment that he was never validly married to the plaintiff, a second counterclaim requesting judgment in his favor for a separation upon grounds of abandonment, and third and fourth counterclaims seeking to impress a constructive trust upon, and to obtain a retransfer to him of, the joint half interest transferred by him to plaintiff

in a proprietary lease of and the stock relating to, a co-operative apartment. Following a trial of several days' duration, presided over by Mr. Justice Coleman, the plaintiff's complaint was dismissed and a judgment was directed in defendant's favor annulling the marriage and directing a retransfer to him of the interest in the lease and stock. (*Wood* v. *Wood,* 41 Misc 2d 95, 41 Misc 2d 112.)

The appellants were substituted as the attorneys for the plaintiff shortly before the trial and represented her at the trial. A motion by plaintiff's prior attorneys for counsel fees, made before the trial, had been denied without prejudice to renewal before the trial court. Following the trial, on application of the appellants, in plaintiff's behalf, the trial court awarded plaintiff a counsel fee of $10,000, plus disbursements. Thereafter, and following the taking of an appeal from the judgment in defendant's favor, the plaintiff discharged the appellants as her attorneys and retained new counsel.

The appellants, conceding plaintiff's right to discharge them and to hire new attorneys, claimed a retaining lien upon plaintiff's papers and the right to recover $60,000 as the value of all services rendered to date to the plaintiff fixed on a *quantum meruit* basis. Special Term, however, determined that '' the value of their services rendered in the prosecution of the separation action to final judgment has been measured by the sum '' awarded as counsel fees by the trial court. On such premise, Special Term directed a reference to a Special Referee, to hear and report, together with his recommendation, as to the reasonable value of legal services rendered and disbursements incurred, limited, however, to services and disbursements other than those rendered in the prosecution of the separation action to final judgment.

The attorneys insist that the prior counsel fee award is not binding upon them and that they are entitled to a hearing on the value of their services free of the limitations imposed by Special Term. We have concluded that, under the circumstances, the doctrines of *res judicata* and/or collateral estoppel are not applicable to deprive them of the right to a full hearing. These doctrines are not '' allowed to operate to deprive a party of an actual opportunity to be heard '' where the issues between them have not been judicially settled. (See *Commissioners of State Ins. Fund* v. *Low,* 3 N Y 2d 590, 595.)

The trial court's determination was not rendered in an action or proceeding to which the attorneys were parties nor in which the attorneys and the plaintiff were adversaries with respect to any issue, and it did not constitute an adjudication upon the

attorneys' claim as against the plaintiff. So, we do not have present here the identity of parties and of causes of action and the mutuality of estoppel which are required for the application of the doctrine of *res judicata* in its true sense. (See *Israel* v. *Wood Dolson Co.,* 1 N Y 2d 116; *Commissioners of State Ins. Fund* v. *Low, supra; City Bank Farmers Trust Co.* v. *Macfadden,* 13 A D 2d 395, affd. 12 N Y 2d 1035, mot. to amend remittitur den. 13 N Y 2d 673, cert. den. 375 U. S. 823.) Strictly speaking, too, the principles of collateral estoppel, as an aspect of *res judicata,* are not applicable here for the attorneys and the plaintiff have not, as between themselves, litigated any of the issues of law or fact now presented to this court for determination.

We must bear in mind that the prior application to the trial court related to and sought an adjudication upon the husband's liability to pay counsel fees to the wife in a matrimonial action. An award of counsel fees in such an action to the wife is " the measure of her rights and of her husband's obligation " (*Turner* v. *Woolworth,* 221 N. Y. 425, 428). In fact, the judgment, as entered here, expressly provided that " pursuant to Section 237 of the Domestic Relations Law, the plaintiff is awarded counsel fees in the sum of $10,000 and the defendant is directed to pay the same to plaintiff together with disbursements ".

Moreover, the power of a court upon a motion in a matrimonial action, to fix and direct payment of counsel fees, is purely statutory. The authority of the court extends solely to the granting of allowances for services of the wife's attorneys rendered in the prosecution or defense of certain specified actions. (Domestic Relations Law, § 237; see former Civ. Prac. Act, §§ 1169, 1169-a; *Lake* v. *Lake,* 194 N. Y. 179; *Johnson* v. *Johnson,* 206 N. Y. 561; *Lea* v. *Lea,* 182 Misc. 396; *Blaine* v. *Blaine,* 20 A D 2d 903; *Cashman* v. *Cashman,* 17 A D 2d 770; *Stahl* v. *Stahl,* 18 A D 2d 617.) Furthermore, the allowance of counsel fees in the prescribed cases is a discretionary determination rather than one which results from the final resolution of precise issues. The power conferred upon the court is to fix and allow " such sum or sums of money to enable the wife to carry on or defend the action or proceeding as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties " (see Domestic Relations Law, § 237, subd. [a]). Included particularly within the " circumstances " to be considered are the merits of the action or defense and the income and means of the husband.

So, we have a different case and different issues here. The counsel fee award, and the provisions of the judgment for payment thereof " pursuant to Section 237 of the Domestic Rela-

tions Law ", are not *res judicata* of the issues arising on the present application for the fixing of the compensation payable by plaintiff to the attorneys. Nevertheless, on settled principles and aside from the theory of *res judicata,* the prior determination may be qualifiedly binding upon the attorneys and, as hereinafter pointed out, is available as competent evidence which may dispose of or have considerable bearing upon issues now before the court.

The materiality, the relevancy and the effect of the prior determination may depend upon the nature and terms of the understanding, if any, between the attorneys and the plaintiff with respect to their fees. The plaintiff alleges that the attorneys agreed to look " exclusively to my husband for its fee ". On the other hand, the attorneys allege that they did not agree to handle the matter on any contingent basis or to look solely to the defendant for their compensation, that plaintiff is a woman of substantial means, and that she understood that they were to be paid for their services on the basis of their value and from her own funds, if necessary.

If the agreement between the parties was that the attorneys should look exclusively to the plaintiff's husband for their fee, then the determination of the trial court fixing the amount of the fee and disbursements to be paid by the husband is controlling. Their contract for services to the point of the rendition of final judgment was fully performed, and if the attorneys agreed to accept what the trial court would allow, they should be held to their agreement. An adjudication may be an operative fact in a subsequent action or proceeding between one of the parties to the adjudication and a third person, although the rules of *res judicata* are not applicable. (See Restatement, Judgments, § 111 [1942].) " The rendition of a judgment is a fact upon which the rights and liabilities of strangers to the action may depend, not because of any rule of *res judicata,* but because the rendition of the judgment is a circumstance upon which their rights or liabilities depend because of their relation to each other or because of an agreement between each other with reference to the judgment. Thus, two persons not parties to an action may contract that the rights between them shall be dependent upon the outcome of an action." (Restatement, Judgments, § 111, *Comment a.* [1942].) " When one covenants for the results or consequences of a suit between other parties, the decree or judgment in such suit is evidence against him, although he was not a party." (*Rapelye* v. *Prince,* 4 Hill 119, 123.)

Noted, of course, is the attorneys' claim (citing *Myers* v. *Myers*, 5 Misc 2d 955, affd. 5 A D 2d 865; *Diowchi* v. *Superior Court*, 216 Cal. App. 2d 525, 528–529) that, upon their discharge by the plaintiff, the original retainer agreement was abrogated and that thereupon they are entitled to be paid upon the basis of *quantum meruit* without regard to the terms of the original retainer agreement. (See *Matter of Montgomery*, 272 N. Y. 323.) If, however, the attorneys agreed to accept in full the sum fixed by the court to be paid by plaintiff's husband for their services, and, on the basis of such an agreement, they applied for an allowance for their services to and including the entry of judgment, then, upon the determination of such application by the court and the entry of judgment, the amount of their fee for such services and the source for payment became fixed.

The entry of the judgment completely ended one phase of the litigation and the obligation for the payment of attorneys' fees for services to that point became merged in the provisions of the judgment. It is noted that the attorneys, on taking an appeal from the judgment in behalf of the plaintiff, expressly excluded from the appeal " that portion [of the judgment] which orders the payment of counsel fees and disbursements to the attorneys for the plaintiff ". In this respect, the provisions of the judgment became final and unassailable. If the agreement was that the attorneys would accept the allowance recoverable from the husband, the appeal taken by plaintiff from other provisions of the judgment and the discharge thereafter of the attorneys would not operate to revive, reinstate and render executory the obligation for attorneys' fees which was merged in the judgment. Of course, the claim for services in connection with the prosecution of the appeal is an entirely separate matter.

In any event, and irrespective of the nature or binding effect of the retainer agreement, the prior counsel fee award is binding on the attorneys insofar as it has relevancy and materiality on the matters now before the court. Upon the application to the trial court for the award of counsel fees to plaintiff, the attorneys deliberately put in issue and sought allowance for " the fair and reasonable value of all the legal services rendered plaintiff to date ". On such basis, and without limitation expressed in its decision, the court awarded the counsel fee of $10,000, plus disbursements. Having appeared as attorneys in the matter and having been fully heard, these attorneys may not question the determination unless it appears and is found that, due to the special circumstances of the matrimonial action or of the parties, the allowance, as made, was not for the full

value of their services. To the extent that the determination of the trial court binds the plaintiff on any issue relevant on the present application, it binds the attorneys who, appearing for her, secured the determination. They may not repudiate the result which they achieved as attorneys. In fact, there is abundant authority in support of the proposition that an attorney, who participates in proceedings before the court to determine the reasonable value of his services, is bound by the court's determination even though he is not formally named a party to the proceedings. (See *Wehle* v. *Shanks*, 35 N. Y. S. 2d 801, 806 [Shientag, J.]; 50 C. J. S., Judgments, § 780, p. 315.)

Although not *res judicata* and conclusive on the issues presented on the present application, the prior counsel fee award, as an adjudication of a competent court, binding on the attorneys, will be receivable as competent and proper evidence upon the hearing on the value of the services of the attorneys. '' While a judgment in another action is not admissible in evidence as conclusive evidence of the matters or facts adjudged where the essential elements of a bar or an estoppel are not shown to exist, aside from the question of conclusiveness as a bar or estoppel, a judgment is admissible * * * provided a proper foundation for such evidence has been laid * * * as persuasive, although not conclusive, evidence of the facts which it adjudges or determines ''. (50 C. J. S., Judgments, § 839, p. 407; see, also, many cases cited, 34 C. J., Judgments, p. 1067, n. 75.)

The effect and the weight to be given the prior counsel fee award in determining the issues arising on the present application by the attorneys will depend upon due consideration of other proper and relevant proofs presented at the hearing.

Finally, the rights of the attorneys upon the present application also may depend upon the resolution of public policy questions, and, particularly in light thereof, the hearing is desirable. There are serious implications and questions arising from the failure of the attorneys, in the prior counsel fee application in behalf of the plaintiff, to disclose to the court the alleged nature and terms of their retainer and to disclose that, prior to such application, they had received $5,000 directly from her on account of their services.

As afore-noted, the appellants claim that they were retained with the understanding that they were to be paid by plaintiff from her funds for their services on the basis of the value thereof. They admit that on May 21, 1963, they received $5,000 from plaintiff on account. But, in their affidavit of services, sworn to June 17, 1963, and submitted sometime later in support

of the counsel fee application, no mention was made of the alleged terms of their retainer or that they had received $5,000 on account. There was no disclosure of these very pertinent matters, and, so far as the trial court knew, the appellants had received no compensation and had no expectation of compensation beyond such award as the court would make. In fact, the allowance by the trial court was expressly stated to be made on the basis that the " attorneys for the plaintiff have received no compensation ".

The plaintiff insists that the alleged breach by the attorneys of their duty of disclosure should result in a denial to them of all relief against her for counsel fees for services rendered in the action. It is true, on the record here, that the failure of disclosure is unexplained and, if the failure remains unexplained, it may border on professional misconduct (see Canons of Professional Ethics, canon 22; *Matter of Williams*, 276 App. Div. 480; *Matter of Dangler*, 192 App. Div. 237; Opinion No. 369, dated May 4, 1936, Opinions of the Committee on Professional Ethics of the Association of the Bar of the City of New York, pp. 194–195 [1956]), though it may be questionable whether plaintiff was injured by the misconduct, if any, of the attorneys (see *Weiss* v. *Mayflower Doughnut Corp.*, 1 N Y 2d 310, 316).

In any event, if the failure of disclosure by the attorneys was deliberate and intended to mislead the court, it may amount to such fraud upon the court and in the administration of justice that policy considerations should preclude the attorneys from obtaining any relief at the hands of the court or, in any event, preclude them from a recovery of more than the amount awarded by the trial court.

The attorneys, upon the argument, insisted that their failure of disclosure was explainable and requested the opportunity to do so at the hearing. In view of the serious implications in plaintiff's charges, it is fair and proper that the attorneys should be given this opportunity.

The order, entered May 29, 1964, granting substitution of attorneys, should be modified, on the law and the facts, without costs, to delete the second ordering paragraph and in lieu thereof to direct that all issues of law and fact arising on the (present) application to fix the fees of Zelenko & Elkind, payable by the plaintiff, be referred to Hon. SAMUEL C. COLEMAN (the Trial Justice who fixed the counsel fees in the first instance as against the defendant husband), sitting as a Justice of the Supreme Court, to hear and determine; to hear and determine the same in the light of this opinion; and the order should otherwise be

affirmed, without costs. The appeal from the order, entered May 29, 1964, denying the motion for reargument should be dismissed, without costs.

BREITEL, J. P., VALENTE, McNALLY and STEUER, JJ., concur.

Order, entered on May 29, 1964, granting substitution of attorneys, unanimously modified, on the law and the facts, to delete the second ordering paragraph and in lieu thereof to direct that all issues of law and fact arising on the (present) application to fix the fees of Zelenko & Elkind, payable by the plaintiff, be referred to Hon. SAMUEL C. COLEMAN (the Trial Justice who fixed the counsel fees in the first instance as against the defendant husband), sitting as a Justice of the Supreme Court, to hear and determine; to hear and determine the same in the light of the opinion of this court filed herein; and the order otherwise affirmed, without costs. The appeal from the order, entered May 29, 1964, denying the motion for reargument is dismissed, without costs.