In re Joe Louis BELL, Debtor.

Willa Mae BELL, Plaintiff,

v.

Joe Louis BELL, Defendant-Debtor.

Bankruptcy No. 79–01808.
Adv. No. 79–006.

United States Bankruptcy Court,
W. D. Oklahoma.

Aug. 15, 1980.

George Miskovsky, Jr., Oklahoma City, Okl., for plaintiff.

James H. Buxton, Edmond, Okl., for defendant-debtor.

## MEMORANDUM OPINION

DAVID KLINE, Bankruptcy Judge.

## PRELIMINARY STATEMENT

The plaintiff, George Miskovsky, Jr., brings this action to have an attorney fee of $500.00 declared nondischargeable which was granted in connection with a divorce decree involving awards of alimony and support. Counsel agree that such an attorney fee would be nondischargeable under the former Act [B.A. § 17(a)(7)]. The issue is whether or not new Code § 523(a)(5) has changed the law as to attorney fee dischargeability.

## FACTS

The divorce decree in question, dated September 25, 1979, directed the debtor to pay $300.00 per month support for four minor children, $200.00 per month until $12,000.00 alimony was paid or until the death or remarriage of the debtor's spouse, and included "judgment against the defendant in the sum of $550.00 representing the arrearage in temporary support and George Miskovsky, Jr., attorney for the plaintiff, is granted a judgment against the defendant in the sum of $500.00 additional as additional attorney's fees herein due and owing from defendant, which sum is payable within 60 days from date hereof." The voluntary bankruptcy petition herein was filed October 2, 1979.

## LAW

### Prior Bankruptcy Act

Bankruptcy Act § 17(a) provided a release for the bankrupt from all his provable debts except, among others, as: "(7) are for alimony due or to become due, or for maintenance or support of wife or child . ."

### Attorney Fees

Where a divorce decree was entered and neither alimony nor support was involved clearly the attorney fee was dischargeable in bankruptcy. *In re Thomas L. Brown*, 1 B.C.D. 502 (D.C.Minn.1975); *In re George W. Werth*, 1 B.C.D. 687 (W.D.N.Y.1975). Also read *In re Wargo*, 1 B.C.D. 1206 (W.D. Wash.1975). Simply stated, ancillary obligations, such as an attorney's fee, stood or fell with the primary debt. *Merriman v. Hawbaker*, 5 F.Supp. 432 (D.C.Ill.1934); *In re Mell*, 1 B.C.D. 651 (N.D.Ill.1975). As mentioned in *Wargo*, supra, at 1208: "In

summary, it appears that courts generally will hold that the entire record may be reviewed in order to determine whether or not the provision for payment (of attorney's fee) is related to the settlement of property rights or to alimony or child support. The specific language is not necessarily determinative. However, the language of the agreement as incorporated by the decree is to be accorded a certain weight."

In *Turman v. Turman*, 438 P.2d 488, 490–491 (1968) the Oklahoma Supreme Court held that an attorney fee granted in connection with a divorce decree granting alimony and support of wife and minor children was a nondischargeable debt. The court reasoned that the payment provision was an "accessory" to the alimony and followed the nature of the liability therefor as truly as costs, and was essential to *insure* the efficient preparation and prosecution of such an action. Also read *Treece v. Treece*, 458 P.2d 636 (Okl.S.Ct.1969). Cf. *In re Nunnally*, 506 F.2d 1024 (CA 5 1975); *In re Birdseye*, 548 F.2d 321 (CA 10 1977).

### The New Code

Code § 523 provides in part:

"(a) A discharge under § 727 . . . does not discharge an individual debtor from any debt—. . . (5) *to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child*, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or (B) such debt includes a liability designated as alimony, maintenance, or support, *unless such liability is actually in the nature of alimony, maintenance, or support* . . . ." (emphasis added)

This section coupled with the repeal of § 456(b) of the Social Security Act [42 U.S.C. § 656(b)] by Code § 328 has a narrowing affect as to nondischargeable debts. Specifically, Code § 523(a)(5)(A) overrules cases such as *Williams v. Department of Social and Health Services, State of Wash-*

*ington*, 529 F.2d 1264 (CA 9 1976) which treated child support payments made to the debtor's spouse by a state agency as nondischargeable. In *Williams* the court held that the welfare agency could establish a nondischargeable lien against the debtor's property by virtue of its payments for child support, where the debtor failed to make divorce decree ordered payments.

The new Code's language and extended legislative history indicates a clear design to narrow somewhat the alimony-support exception to bankruptcy discharge. [See 124 Cong.Rec. S17412 (daily ed. Oct. 6, 1978; H.R.Rep.No. 95–595, 95th Cong., 1st Sess. 364 (1977); S.Rep.No. 95–989, 95th Cong., 2d Sess. (1978), U.S.Code Cong. & Admin. News 1978, p. 5787). Cf. Hearings on S. 235 and S. 236, Subcomm. on Improvements in Judicial Mach. of the Sen. Comm. on the Judiciary, 94th Cong., 1st Sess., pt. 1, p. 314 (1975); and Hearings on H.R. 31 and H.R. 32, Subcomm. on Civil and Constitutional Rights, House Comm. on the Judiciary, 94th Cong., 1st and 2nd Sess., pt. 2, p. 942 (1976).]

Interestingly, though, such legislative history includes in the "Section-by-Section Analysis of the House Report:

". . . What constitutes alimony, maintenance, or support, will be determined under the bankruptcy law, not State law. Thus cases such as *In re Waller*, 494 F.2d 447 (6th Cir. 1974), are overruled, and the result in cases such as *Fife v. Fife*, 1 Utah 2d 281, 265 P.2d 642 (1952) is followed. This provision will, however, make nondischargeable any debts resulting from an agreement by the debtor to hold the debtor's spouse harmless on joint debts, to the extent that the agreement is in payment of alimony, maintenance, or support of the spouse, as determined under bankruptcy law considerations as to whether a particular agreement to pay money to a spouse is actually alimony or a property settlement." [H.Rep.No. 95–595, 95th Cong., 1st Sess. (1977), p. 364, U.S.Code Cong. & Admin. News 1978, p. 6320.]

CONCLUSION

■ Although the new Code doubtless makes the application of Code § 523(a)(5) a matter of federal bankruptcy law, the court determination can but be flavored by the state law development in judging whether "liability is actually in the nature of alimony, maintenance or support" since all such domestic relations law is of state court origin.

The Code as under the former Act, emphasizes that an indebtedness cannot be transformed into nondischargeable "alimony" merely by entitling it such. Cf. *In re Cox*, 543 F.2d 1277 (CA 10 1976); *In re McGage*, 2 BCD 1438 (WD Okl.). It must in fact be something "actually in the nature of alimony, maintenance or support." Interestingly, the Code's legislative history makes clear that an agreement by the debtor will lie to hold a spouse harmless on joint debts to the extent such "is actually alimony" as distinguished from property settlement [S.Rep.No. 95–989, 95th Cong., 2d Sess. (1978), p. 79].

Thus it would be a strained "dead letter of the law" construction to make nondischargeable *only* alimony, maintenance, or support owed directly to a spouse or dependent, and perfunctorily render dischargeable all debts involving third parties.

Significantly, the Code language is no more restrictive as to third persons than the former Act wherein a discharge released debts except as: "(7) are for alimony due or to become due, or for maintenance or support of wife or child" [B.A. § 17(a)] and wherein the courts sensibly held that an attorney fee granted in connection with a divorce decree granting alimony and support of wife and minor child was a nondischargeable debt since such services were necessary costs and expenses to insure enforcement of such right, and gave added reality to the mandated alimony and support, and "is in the nature thereof". Read *Turman v. Turman*, supra.

■ The new Code leaves undisturbed the principle that attorney fee dischargeability or nondischargeability must rise or fall with the primary debt. Since the attorney fee herein was directly related to awards of alimony, maintenance and support, specifically including $300.00 monthly support payments for four minor children, alimony of $12,000.00 payable $200.00 monthly, and a $550.00 arrearage in temporary support, such fee is nondischargeable.

A judgment which conforms with this memorandum opinion is filed herewith.