**In re Signor John BONHOMME, Debtor.**

**Bankruptcy No. 80–01258.**

United States Bankruptcy Court,
W. D. Oklahoma.

Feb. 4, 1981.

G. Rodney Palmer, Oklahoma City, Okl., for debtor.

Charles G. Humble, Bethany, Okl., for Ann I. Bonhomme.

## MEMORANDUM ORDER

DAVID KLINE, Bankruptcy Judge.

This is an action by Ann I. Bonhomme, the debtor's former wife to have declared nondischargeable an award previously granted to Mrs. Bonhomme in a divorce proceedings on the grounds that such is support alimony and that the accompanying attorney fee therein also be deemed nondischargeable since granted in connection with the court awarded support alimony and minor child support. The debtor denies the principal amount was in fact alimony and asserts that in substance the award to the former Mrs. Bonhomme was in the nature of a property settlement, and denies that the controverted attorney fee was awarded ancillary to a nondischargeable alimony and support sum.

## FACTS

In a decree of divorce filed August 29, 1980 in the District Court of Oklahoma County dealing with a hearing held March 24 and March 25, 1980 a divorce decree was entered as to the Bonhommes which included a carefully set forth division of property between the parties, an award of $150 per month child support for the parties' one child, and "alimony for support, in the amount of $9,000.00 payable $250.00 per month." Additionally the court awarded counsel for Mrs. Bonhomme an attorney fee of $3,000.00 with $600.00 having previously been paid, leaving a balance of $2,400.00 to be paid within 90 days from the decree's date.

## LAW

"In general the reduction of a claim to a judgment does not affect its nature as a nondischargeable debt, dischargeability being dependent upon the nature of the claim behind the judgment." 1 Collier (Ed. 14) pp. 1642. Accord, 170 A.L.R. 368. Read *In re Johnson,* 323 F.2d 574 (CA3 1963) where a state court "judgment in fraud" did not on its face indicate conduct of fraud for which it was given, and where bankruptcy court was justified in making evidential inquiry.

The bankruptcy judge in passing upon debt dischargeability is not compelled to accept a state court judgment but must consider all relevant evidence offered by the parties, including the state court proceedings. *Brown v. Felson,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *In re Houtman,* 568 F.2d 651, 653–654 (CA9 1978); *In re Pigge,* 539 F.2d 369 (CA4 1976).

Although the new Code makes the application of Code § 523(a)(5) a matter of federal bankruptcy law, the court determination can but be flavored by the state law development in judging whether "liability is actually in the nature of alimony, maintenance or support" since all such domestic relations law is of state court origin. See *In re Bell*, 6 B.C.D. 833, 5 B.R. 653 (Bkrtcy. W.D.Okl. 8/15/80); *In re Pelikant*, 6 B.C.D. 758, 5 B.R. 404 (Bkrtcy.N.D.Ill.1980); *In re Warner*, 6 B.C.D. 788, 5 B.R. 434 (Bkrtcy.D. Utah 1980). Cf. *In re Knabe*, 8 B.R. 53, 35 CCH, ¶ 67,747 (S.D.Ind. 12/4/80). The new Code leaves undisturbed the former Act principle that attorney fee dischargeability or nondischargeability must rise or fall with the primary debt. *In re Bell*, supra. Cf. *Merriman v. Hawbaker*, 5 F.Supp. 432 (D.C. Ill.1934); *In re Mell*, 1 B.C.D. 651 (N.D.Ill. 1975). As specifically mentioned *In re Wargo*, 1 B.C.D. 1206, 1208 (W.D.Wash. 1975): "In summary it appears that courts generally will hold that the entire record may be reviewed in order to determine whether or not the provision for payment (of attorney's fee) is related to the settlement of property rights or to alimony or child support. The specific language is not necessarily determinative. However, the language of the agreement as incorporated by the decree is to be accorded a certain weight." Also read *In re Nunnally*, 506 F.2d 1024 (CA5 1975); *In re Birdseye*, 548 F.2d 321 (CA10 1977).

## CONCLUSION

Under the complete record before the court unquestionably the amount awarded in paragraph 10 of the decree entitled "alimony for support" is in fact support alimony by any reasonable standard and not a division of property. The greatest of care was taken by the divorce court to equitably divide all properties including granting the debtor a lien on the home for $9,299.14 which was specifically designated as an equal division of accumulated properties.

Additionally, although the decree dealt with a division of property inasmuch as child support of $150.00 a month was involved along with alimony for support of $250.00 per month with an outer limit of $9,000.00, the unpaid attorney fee balance of $2,400.00 awarded by the court for Mrs. Bonhomme's attorney is also nondischargeable. Accordingly it is hereby

ORDERED AND ADJUDGED that the "alimony for support" set forth in paragraph 10 of the divorce decree; and the award made for applicant's attorney set forth in paragraph 11 of the decree are not dischargeable in bankruptcy.