In re Kevin T. BISHOP, Debtor.

Charlene BISHOP, Plaintiff,

v.

Kevin T. BISHOP, Defendant.

Bankruptcy No. 881–80291–18.
Adv. No. 881–0298–18.

United States Bankruptcy Court,
E. D. New York.

Aug. 18, 1981.

Joseph P. Abbenda, Mineola, N. Y., for plaintiff.

Koffler & Harrison, Islip, N. Y., for debtor.

## DECISION

C. ALBERT PARENTE, Bankruptcy Judge.

Charlene Bishop (hereafter "respondent") commenced an adversary proceeding on April 17, 1981, seeking a determination that her claim against Kevin T. Bishop (hereafter "petitioner") is nondischargeable pursuant to 11 U.S.C. § 523(a)(5).

Petitioner filed a motion for summary judgment on May 19, 1981, requesting an order dismissing the within adversary proceeding.

A hearing on petitioner's motion was held on June 1, 1981.

The facts surrounding the present controversy are not in dispute and are as follows:

(1) Petitioner filed a voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code on January 29, 1981.

(2) An order was entered on March 10, 1981, amending the schedule of creditors holding unsecured claims so as to include respondent's claim for counsel fees in the sums of $1,525 and $300.

(3) Petitioner and respondent were divorced on September 24, 1979. Pursuant to the divorce decree entered in the Supreme Court of the State of New York, County of Suffolk, respondent was directed to pay petitioner child support at a rate of $35 per week and attorneys' fees in the sum of $1,750.

(4) Petitioner has paid to respondent $225 pursuant to the divorce decree for the attorneys' fees, thus leaving a balance owed of $1,525.

(5) Respondent filed an order to show cause in state court on March 3, 1981, seeking to enforce the divorce decree.

(6) The state court rendered judgment in favor of respondent on March 9, 1981. Said judgment directed petitioner to pay respondent $560 for child support arrears, and $1,525 which represented unpaid counsel fees under the divorce decree. Attorneys' fees incurred in the enforcement proceeding were assessed against petitioner in the sum of $300.

(7) Petitioner contends that the within adversary proceeding should be dismissed on the ground that attorneys' fees incurred in divorce proceedings are not in the nature of alimony, support or maintenance and therefore are dischargeable in bankruptcy.

The aforesaid findings of fact give rise to the following issue: Are attorneys' fees which are assessed in divorce proceedings nondischargeable under 11 U.S.C. § 523(a)(5)?

Section 523(a)(5) provides in relevant part:

> A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
>
> .    .    .    .    .
>
> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—
>
> .    .    .    .    .
>
> (b) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

The intent of Congress in excepting the types of claims enumerated in said section was to insure that the dependents of a debtor would not be left destitute by the debtor's discharge in bankruptcy. *In re Miller*, 8 B.R. 174 (Bkrtcy.N.D.Ohio 1981).

In implementing this policy, § 523(a)(5) establishes the following twofold test:

(1) Alimony, maintenance or support payments must be payable directly to a spouse, former spouse and/or child; and

(2) Said payments must be in the nature of alimony, maintenance or support.

In re Spong, 3 B.R. 619, 6 B.C.D. 604 (Bkrtcy.W.D.N.Y.1980); In re La Fleur, 11 B.R. 26 (Bkrtcy.D.Mass.1981); In re Massimini, 8 B.R. 428 (Bkrtcy.W.D.Pa.1981); In re Lineberry, 9 B.R. 700 (Bkrtcy.W.D.Mo.1981).

In the case at bar, both the divorce decree and the judgment rendered in the enforcement proceedings directed that the assessed attorneys' fees be paid directly to respondent. Had the state court provided for the attorneys' fees to be paid to respondent's attorneys, then said claims would be dischargeable in bankruptcy. See In re Spong, supra; In re Allen, 4 B.R. 617, 6 B.C.D. 576 (Bkrtcy.E.D.Tenn.1980).

With respect to the second part of the test, the Bankruptcy Code fails to establish a specific standard for determining when a claim qualifies as either alimony, maintenance or support. The legislative history merely states that what constitutes alimony, maintenance or support is to be determined under federal bankruptcy laws, not state law. H.R.Rep.No.95–595, 95th Cong., 1st Sess. at p. 363 (1977), U.S.Code Cong. & Admin.News 1978, 5787; In re Lang, 11 B.R. 428 (Bkrtcy.W.D.N.Y.1981); In re Lineberry, supra; In re Wells, 8 B.R. 189, 7 B.C.D. 272 (Bkrtcy.N.D.Ill.1981); In re La Fleur, supra; In re Tilmon, 9 B.R. 979 (Bkrtcy.N.D.Ill.1981); In re Daviau, 10 B.R. 201 (Bkrtcy.D.Mass.1981); In re Bonhomme, 8 B.R. 645 (Bkrtcy.W.D.Okl.1981).

However, bankruptcy courts cannot formulate such a federal standard in a historical vacuum as there is no federal common law of domestic relations. In re Knabe, 8 B.R. 53, 7 B.C.D. 185 (Bkrtcy.S.D.Ind.1980); In re Lineberry, supra.

Therefore, while the final determination as to whether a claim is in the nature of alimony, maintenance or support is to be made by this Court, recourse must be had to state law as a guide for developing such a federal standard. In re Lineberry, supra; In re Knabe, supra; In re Lang, supra; In re Bonhomme, supra; In re Tilmon, supra.

Under New York law, attorneys' fees may be awarded to a spouse if said person is unable to afford legal representation. Blauner v. Blauner, 60 A.D.2d 215, 400 N.Y.S.2d 335 (1st Dept. 1977). As New York recognizes that an award of attorneys' fees may be necessary to a spouse's ability to continue a matrimonial action, such an award is viewed as being in the nature of alimony or support. In re Lang, supra; Wood v. Wood, 21 A.D.2d 627, 253 N.Y.S.2d 195 (1st Dept. 1964); In re Steingesser, 602 F.2d 36 (2nd Cir. 1979).

This analysis comports with the statements expressed by a vast majority of jurisdictions. In re Lang, supra.

Based on the foregoing principles of law, the majority of bankruptcy courts passing upon this issue have concluded that attorneys' fees which are incurred by a spouse in a matrimonial proceeding are in the nature of alimony or support. See In re Lang, supra; In re La Fleur, supra; In re Lineberry, supra; In re Knabe, supra; In re Tilmon, supra; In re Whitehurst, 10 B.R. 229 (Bkrtcy.M.D.Fla.1981); In re Demkow, 8 B.R. 554 (Bkrtcy.N.D.Ohio 1981); In re Bonhomme, supra; In re Pelikant, 5 B.R. 404, 6 B.C.D. 758 (Bkrtcy.N.D.Ill.1980); In re Bell, 5 B.R. 653, 6 B.C.D. 833 (Bkrtcy.W.D.Okl.1980); In re Wells, supra.

CONCLUSION

Predicated on the aforesaid findings of fact and precepts of law, petitioner's motion for summary judgment is denied and respondent's claim for attorneys' fees is declared nondischargeable pursuant to 11 U.S.C. § 523(a)(5).

SETTLE JUDGMENT.