In re Jerry Don SKINNER a/k/a Jerry Skinner, d/b/a Skinner Heating and Air Conditioning, Debtor.

Grover MISKOVSKY, Plaintiff,

v.

Jerry Don SKINNER, Defendant.

Bankruptcy No. BK–85–1753–A.
Adv. No. 85–539.

United States Bankruptcy Court,
W.D. Oklahoma.

Dec. 23, 1986.

---

A. Brad Cox, Grover Miskovsky & Associates, Oklahoma City, Okl., for plaintiff.

*mont v. Martin County National Bank of Fairmont,* 384 N.W.2d 529, (Minn.App.1986).

L. Kaye Farrar, Talley, Perrine, Smith & Farrar, Norman, Okl., for defendant-debtor.

RICHARD L. BOHANON, Chief Judge.

Miskovsky filed this complaint seeking a determination of non-dischargeability of his attorney's fee award pursuant to a decree of divorce. He contends that the award is non-dischargeable pursuant to 11 U.S.C.A. § 523(a)(5) (1979 & Supp.1985).[1] The debtor-defendant has moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as adopted by Rule 7012 of the Federal Rules of Bankruptcy Procedure.

Miskovsky was awarded $6000 as an attorney's fee for the representation of the debtor's ex-spouse.

In this district the issue of dischargeability of attorney fees assessed against the debtor in the divorce proceeding has been determined with regard to the nature of the primary debt owed by the debtor to the former spouse. *In re Bonhomme*, 8 B.R. 645 (Bankr.W.D.Okla.1981); *Bell v. Bell (In re Bell)*, 5 B.R. 653 (Bankr.W.D.Okla. 1980). To the extent those opinions find an exception from discharge for attorney fees awarded in a divorce proceeding they are rejected.

"What constitutes alimony, maintenance, or support, will be determined under the bankruptcy law not State law". Senate Report No. 95–989, 95th Cong., 2d Sess. 1977–79 (1978), U.S.Code Cong. & Admin. News 1978, p. 5787; *see Shaver v. Shaver*, 736 F.2d 1314, 1316 (9th Cir.1984); *Long v. Calhoun (In re Calhoun)*, 715 F.2d 1103, 1107 (6th Cir.1983). Section 523(a)(5) represents an exception to discharge "to insure necessary financial support for the divorced spouse and children of the debtor." 715 F.2d at 1106. However, that section mandates the bankruptcy court to apply bankruptcy law considerations in determining dischargeability under § 523(a)(5). More is required than borrowing traditional state law factors in determining what is alimony, maintenance or support. *Id.* at 1109. Congress has directed the bankruptcy courts to determine this issue pursuant to bankruptcy law, therefore recourse to state law is inappropriate. *Pauley v. Spong (In re Spong)*, 661 F.2d 6, 12 (2d Cir.1981) (Lumbard, J., dissenting).

The Court of Appeals for the Tenth Circuit has not addressed the issue of dischargeability of attorney fees awarded in a divorce proceeding. Other circuits have found attorney fee awards nondischargeable. *Long v. West (Matter of Long)*, 794 F.2d 928 (4th Cir.1986) (jury award in divorce proceeding, including attorney fees, were intended as alimony and accordingly are nondischargeable); *Williams v. Williams (In re Williams)*, 703 F.2d 1055 (8th Cir.1983) (attorney fees awarded to ex-spouse's attorney stemming from divorce action is in the nature of support for ex-spouse notwithstanding that Supreme Court of Missouri has characterized attorney fee awards in divorce actions not in the nature of support); *Pauley v. Spong (In re Spong)*, 661 F.2d 6 (2d Cir.1981) (counsel fees awarded in divorce proceeding are in the nature of alimony, maintenance and support even though not payable to former spouse); *contra Eisen v. Linn (In re Linn)*, 38 B.R. 762 (Bankr. 9th Cir.1984) (debtor held not liable for payment of fees of attorney and psychiatrist appointed for debtor's son during custody litigation. No specific exemption to discharge covers the particular debts). Other jurisdictions have considered the issue of dischargeability of attorney fees awarded in divorce proceedings but to list their citations would not enhance this decision.

The Supreme Court of the United States has held that exceptions to discharge "should be confined to those plainly expressed...." *Gleason v. Thaw*, 236 U.S. 558, 562, 35 S.Ct. 287, 288, 59 L.Ed. 717 (1915). The Court of Appeals for the Tenth

---

1. Title 11 U.S.C. § 523(a)(5) was amended by the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, however, those amendments do not affect the provision under review in this opinion.

Circuit has held that exceptions to discharge "should be strictly construed against an objecting creditor and in favor of the debtor's right of discharge." *Kansas State Bank and Trust v. Vickers (In re Vickers)*, 577 F.2d 683, 687 (10th Cir. 1978).

This court has held in conformity with *Gleason* and *Vickers*. *Robles v. Lowther (In re Lowther)*, 32 B.R. 638 (Bankr.W.D. Okla.1983). Section 523(a)(5) precludes from discharge payments "actually in the nature of alimony, maintenance, or support." It contains no explicit exception to discharge for attorney fees granted in a divorce proceeding. Congress took great effort to set forth that "alimony, maintenance, or support" debts are not dischargeable while property settlements, even though couched in terms of alimony, are dischargeable. Had Congress intended to except attorney fees awarded to a debtor's ex-spouse as an award of alimony it could have easily created an exception.

Accordingly, the attorney's fee award is dischargeable and the motion to dismiss is granted.