### Grover MISKOVSKY, Appellant,

v.

### Jerry Don SKINNER, Appellee.

### No. CIV–87–406–W.

United States District Court,
W.D. Oklahoma.

Dec. 17, 1987.

Grover Miskovsky, Grover Miskovsky & Associates, Oklahoma City, Okl., pro se.

L. Kaye Farrar, Talley, Perrine, Smith & Farrar, Norman, Okl., for Skinner.

### OPINION

LEE R. WEST, District Judge.

On May 1, 1985, Mary Ethel Skinner obtained a divorce from Jerry Don Skinner in the District Court of Cleveland County, Oklahoma. *Skinner v. Skinner*, No. JFD–84–1441 (B). On July 15, 1985, the state district court ordered Mr. Skinner to pay $6000.00 in attorney's fees to Grover Miskovsky, Mrs. Skinner's lawyer. This award was then incorporated by reference in the divorce decree dated October 16, 1985.

Mr. Skinner thereafter filed a petition under Chapter 7 of the United States Bankruptcy Code. On December 23, 1986, upon

Motion to Dismiss of Mr. Skinner, The Honorable Richard Bohanon, United States Bankruptcy Judge for the Western District of Oklahoma, determined that this fee award was dischargeable. It is this determination from which appellant Miskovsky has appealed.

Dischargeability of a debt is a question of fact and thus Judge Bohanon's findings of fact cannot be set aside unless they are clearly erroneous. *In re Yeates*, 807 F.2d 874, 877 n. 2 (10th Cir.1986)(dischargeability is within "core proceedings" of bankruptcy court and thus district court is not required to conduct a de novo review). Questions of law, on the other hand, are freely reviewable on appeal, *id.* at 877, and because this Court finds that Judge Bohanon made an error of law, his decision in this matter must be reversed.

■ Judge Bohanon by concluding that the instant debt was dischargeable gave full force and effect to the principle that the exceptions to discharge set forth in title 11, section 523 of the United States Code " 'should be strictly construed against an objecting creditor and in favor of the debtor's right of discharge.' " *In re Skinner*, 68 B.R. 45, 47 (Bankr.W.D.Okla.1986) (quoting *Kansas State Bank & Trust Co. v. Vickers*, 577 F.2d 683, 687 (10th Cir. 1978)). He found that section 523(a)(5) precluded from discharge only payments "actually in the nature of alimony, maintenance, or support" and that the absence of an explicit exception to discharge for attorney's fees granted in a divorce proceeding was fatal to a creditor's request that the debt be nondischargeable. He stated that

> "Congress took great effort to set forth that 'alimony, maintenance, or support' debts [were] not dischargeable while property settlements, even though couched in terms of alimony, [were] dischargeable. Had Congress intended to except attorney fees awarded to a debtor's ex-spouse as an award of alimony it could have easily created an exception."

68 B.R. at 47.

The Court finds the more appropriate test for determining dischargeability of the instant debt is to determine whether the award of fees related to alimony, support or maintenance or to the settlement of property rights and thus, let the dischargeability of the debt "rise or fall with the primary debt." *In re Bell*, 5 B.R. 653, 655 (Bankr.W.D.Okla.1980). This was the test in this judicial district prior to Judge Bohanon's decision in this case, *id.; e.g., In re Bonhomme*, 8. B.R. 645 (Bankr.W.D.Okla. 1981), and such is the test applied in other jurisdictions. *E.g., In re Williams*, 703 F.2d 1055 (8th Cir.1983); *In re Spong*, 661 F.2d 6 (2d Cir.1981). These cases hold under federal bankruptcy law which can but be flavored by state domestic law, 5 B.R. at 655, that if the underlying debt is "in the nature of support" and nondischargeable under section 523(a)(5), the fee debt is likewise "in the nature of support" and nondischargeable.

■ The divorce decree in the instant case provides *inter alia* for both property settlement and support obligations as well as the $6000.00 fee award (which represented sixty per cent of the fees incurred by Mrs. Skinner). Mr. Skinner has argued that there is no evidence that the fee award was related to, or in the nature of, support and that the absence of such evidence renders this debt dischargeable.

The Court finds in viewing the circumstances as a whole that these fees were generated by an action to secure payment of support obligations. Accordingly, under the foregoing authority, such fees are likewise "in the nature of support" and are nondischargeable under section 523(a)(5). Therefore, the Order of December 23, 1986, is REVERSED and this action is hereby REMANDED to the United States Bankruptcy Court for the Western District of Oklahoma.