In re Alan Gene KRANZ, Debtor.

William R. GARTENBERG, Plaintiff,

v.

Alan Gene KRANZ, Defendant.

Bankruptcy No. 88–01803–BKC–JJB.
Adv. No. 88–0180–BKC–JJB.

United States Bankruptcy Court,
E.D. Missouri, E.D.

June 6, 1989.

**476**

Lee Kline, Clayton, Mo., for plaintiff.

William E. Sorrell, Clayton, Mo., for debtor.

## FINDINGS AND CONCLUSIONS

JAMES J. BARTA, Chief Judge.

At Saint Louis, in this District, this 6th day of June, 1989.

The complaint was filed by William R. Gartenberg, Counsel for Rhonda Kranz, to determine the dischargeability of an award of attorney's fees in dissolution of the Debtor's marriage. Upon consideration of the parties' pleadings and the record as a whole, including the evidence presented at the hearing in this matter, the Court now enters the following findings and conclusions:

1. The marriage of Gene Alan Kranz and Rhonda Kranz was dissolved on May 20, 1988.

2. The decree of dissolution of the Circuit Court of the County of St. Louis, Missouri included the following determinations and awards among others: that Rhonda Kranz was awarded custody of the minor child and $248.00 a month for child support; that it was not necessary to award maintenance to either party; that the marital home was awarded to Mrs. Kranz; that Mr. Kranz, the Debtor here, was awarded the full value of his profit sharing retirement fund; that each party received certain items of marital personal property; and that Mr. Kranz was ordered to pay Mrs. Kranz's attorney, William R. Gartenberg, three thousand dollars.

3. The testimony of William Gartenberg revealed that at the time of the dissolution of marriage, Mrs. Kranz was not working. Mr. Gartenberg also testified that he was paid $500.00 for Mrs. Kranz's attorney's fees in a P.D.L. motion award.

4. A debtor's obligation to make alimony, maintenance or support payments to his or her former spouse is not dischargeable pursuant to 11 U.S.C. § 523(a)(5). Whether a particular debt is a support obligation or part of a property settlement is a question of federal bankruptcy law. In making that determination, the Court will look to the substance of what the parties and state courts have done in resolving marital issues, and not merely to the labels which may have been attached to these resolutions. In short, the debt is not dischargeable if and only if the function of the award is support. *In re Williams*, 703 F.2d 1055, 1056 (8th Cir. 1983). The burden of proof is on the party

 

asserting that the debt is non-dischargeable. This is as it should be since every debt which a debtor must continue to bear impedes his ability to fully utilize the fresh start provided by the Bankruptcy Code. *In re Lineberry*, 9 B.R. 700, 705 (Bankr.W.D. Mo.1981).

█ 5. In determining the parties' intent in the instant case, the Court must consider the record presented in the Adversary Proceeding. The Dissolution Decree is clear in that the state court found that it was not necessary to award maintenance to either party. It ordered that no statutory maintenance be paid by either party for the support of the other. Thus, on the basis of the decree alone, the Court would infer that the attorney fee award was based on a division of marital property and was not intended to provide for Mrs. Kranz's support.

6. Although the Bankruptcy Court determination is not limited to the language of the dissolution decree, in the absence of any credible evidence that the judgment was granted for Mrs. Kranz's support, the Court must conclude that the debt in question is dischargeable. *Tilley v. Jessee*, 789 F.2d 1074, 1078 (4th Cir.1986).

7. In this case, there was no evidence to support the Plaintiff's allegations that the attorney fee award was for Mrs. Kranz's support. There was no testimony that indicated a significant disparity in the income level of the debtor and his former wife and no evidence to show that Mrs. Kranz was not capable of working in her chosen field of work.

8. An examination of the other paragraphs in the dissolution decree reveals that Rhonda Kranz was awarded the family home and that Mr. Kranz was awarded several cars, and that each received certain personal property. Although the fair market value for the items of property awarded in the decree is not given, neither the document itself, nor the record presented in this matter suggests that the division of property was not equitable.

9. On the record before it, the Court concludes that the Plaintiff has not established that the debt is in the nature of maintenance, alimony or support, and that, therefore, the debt in question is dischargeable in bankruptcy and the relief requested in this complaint is denied.