**In re Richard Albert WILL, Debtor.**

**Richard Albert WILL, Appellant,**

v.

**MILLER AND SAXTON, P.C., Appellee.**

**Bankruptcy Nos. 89–K–1875, 89 B 3208. Adv. No. 89 E 0693.**

United States District Court,
D. Colorado.

July 12, 1990.

Clark S. Spalsbury, Jr., Estes Park, Colo., for Will.

Carol J. Shively, Miller & Saxton, Longmont, Colo., pro se.

## MEMORANDUM OPINION
## AND ORDER

KANE, Senior District Judge.

Richard Albert Will appeals a bankruptcy court ruling which held nondischargeable his debt to his former wife for the attorney fees she incurred during their marriage dissolution proceedings. Will raises three issues in this appeal: (1) whether his wife's attorneys, Miller & Saxton, P.C., had standing to challenge the dischargeability of Will's debt to his former wife, (2) whether the debt was in the nature of alimony, maintenance or support so as to be nondischargeable, and (3) whether the nondischargeability of this debt constitutes a modification of the support award mandating arbitration under the parties' settlement agreement. I affirm.

### I. Facts.

The facts are undisputed. Richard and Martha Will were divorced on September 28, 1988. A separation agreement was incorporated into their divorce decree. Section VI of the agreement provided in relevant part that Will was to "pay directly to Wife's attorney the full amount of her attorney's (sic) fees incurred herein to date in the amount of $4,080.10, payable at the rate of $200.00 per month...."

On March 14, 1989, Will filed for bankruptcy under Chapter 7 of the Code, seeking to discharge this debt. On June 22, 1989, Miller & Saxton, P.C. filed its complaint objecting to the discharge of the debt under § 523(a)(5) of the Bankruptcy Code. Both parties moved for judgment on the pleadings. Will claimed the complaint should be dismissed because Miller & Saxton, P.C. had no standing and that a debt to his wife's attorneys did not meet the requirements of § 523(a)(5). Miller & Saxton, P.C. argued that Will's obligation to pay attorney fees was one for maintenance, since the fees incurred in the dissolution action were almost entirely based on the maintenance claim. On October 18, 1989, the bankruptcy court entered its judgment in favor of Miller & Saxton, P.C.

### II. Merits.

A. Standing.

Will's first argument is that Miller & Saxton, P.C. has no standing to challenge the dischargeability of his debt to his former wife for attorney fees. His argument is without merit. In *Pauley v. Spong (In re Spong)*, the court stated,

We view appellee's undertaking to pay his wife's legal fees as a paradigmatic third party beneficiary contract, which is not, and should not be confused with, an assignment. In a third party beneficiary contract, benefits flow to both the promisee and the third party, and either may sue to enforce the contract. If appellee fails to satisfy his obligation to appellant, the third party beneficiary will, at the same time, fail to satisfy his obligation to his wife, the promisee. If appellee satisfies his obligation to appellant, appellee will by the same act satisfy his obligation to his wife.

661 F.2d 6, 10–11 (2d Cir.1981) (citations omitted). Since *Spong*, numerous courts have held, explicitly or implicitly, that the former spouse's attorney has standing as a third party beneficiary to bring an action contesting the dischargeability of a debt for attorney fees incurred in a dissolution action. *See, e.g., Miskovsky v. Skinner*, 88 B.R. 360 (W.D.Okla.1987); *Wadleigh v. Wadleigh (In re Wadleigh)*, 68 B.R. 499, 501 (Bankr.D.Vt.1986); *Hill v. Snider (In re Snider)*, 62 B.R. 382 (Bankr.S.D.Tex. 1986); *Seymour Ostrow, P.C. v. Schwartz (In re Schwartz)*, 53 B.R. 407 (Bankr.S.D. N.Y.1985); *Snider v. Tessler (In re Tessler)*, 44 B.R. 786 (Bankr.S.D.Cal.1984); *Mainelli v. Whitman (In re Whitman)*, 29 B.R. 362, 363 (Bankr.D.R.I.1983). Nor does it make any difference that the debt is payable directly to the law firm, and not to Will's former wife. *Spong*, 661 F.2d at 9–11. Miller & Saxton, P.C. had standing to object to the discharge of this debt.

B. Debt for Attorney Fees as Maintenance.

Will's second argument is the bankruptcy court erred in determining that his obli-

gation to pay attorney fees under the separation agreement was one for maintenance or support and is therefore nondischargeable under 11 U.S.C. § 523(a)(5). Will further asserts this determination should have been made in accordance with state law, and not federal bankruptcy law. Will's assertions again have no merit.

> Section 523(a)(5) of the Code excepts from discharge a debt to a spouse [or] former spouse ... for alimony to, maintenance for, or support of such spouse ... in connection with a separation agreement ... but not to the extent that ... such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support.

11 U.S.C. § 523(a)(5). In *Sylvester v. Sylvester*, the Tenth Circuit stated, "The determination of whether an obligation arising out of a divorce settlement is in the nature of alimony, maintenance or support is a matter of federal bankruptcy law." 865 F.2d 1164, 1166 (10th Cir.1989). The bankruptcy court's findings regarding the nature of the obligation can be set aside only if clearly erroneous. *Goin v. Rives (In re Goin)*, 808 F.2d 1391, 1393 (10th Cir.1987).

■ Will asserts that the Tenth Circuit, and arguably other circuits, err by blindly adhering to the proposition that federal bankruptcy law controls the determination of whether an obligation is in the nature of maintenance or support. This position, he argues, creates two distinct bundles of rights: "bankruptcy maintenance" (an expansion of state law rights) and state law "maintenance." *See* Will's Appeal Brief at 15–17. As explained in *Yeates v. Yeates (In re Yeates)*, however, such an expansion of state law rights does not occur:

> "The bankruptcy law determination as to whether an agreement to pay is support or a property settlement will involve some of the same considerations as the state law determination as to whether alimony will be awarded. The focus, however, is quite different. A state court judge decides if a legal obligation

to pay alimony should arise. A bankruptcy court judge is faced with a different situation, since in his case a legal obligation already exists. He must determine whether that already existing obligation is support or alimony."

807 F.2d 874, 878 (10th Cir.1986) (quoting with approval lower court decision at 44 B.R. 575, 578–79 (D.Utah 1984)). The bankruptcy court was correct in applying federal bankruptcy law to determine the dischargeability of Will's debt to his wife for attorney fees.

■ As to the merits of the bankruptcy court's ruling, in this case nearly all the evidence points in favor of characterizing Will's obligation to pay attorney fees as one for maintenance or support. The settlement agreement itself contains comprehensive provisions dealing with Will's obligations to pay college tuition in lieu of child support, to maintain insurance coverage for the benefit of the children and his former spouse, and to pay monthly maintenance to his wife. In contrast, the provisions relating to the division of personal property are fairly straightforward. More importantly, in his reply to Miller & Saxton, P.C.'s motion for judgment on the pleadings, Will admits that maintenance was a central issue in the dissolution proceedings and that a significant portion of the attorney fees "probably arose from that issue." R. Vol. I., Doc. 8 at 1.

The test for determining the dischargeability of a debt to a former spouse for attorney fees "is to determine whether the award of fees related to alimony, support or maintenance or to the settlement of property rights and thus, let the dischargeability of the debt 'rise or fall with the primary debt.'" *Miskovsky v. Skinner*, 88 B.R. at 361; *see also Angel v. Angel (In re Angel)*, 105 B.R. 825, 832 (Bankr.S.D.Ohio 1989); *Gartenberg v. Kranz (In re Kranz)*, 100 B.R. 475, 477 (Bankr.E.D.Mo.1989). Thus, the court was correct in concluding that Will's agreement to pay attorney fees should be treated as a maintenance or support obligation, since the fees were generated primarily in connection with these issues.

C. Necessity of Arbitration.

■ Will's final argument in this appeal is that the bankruptcy court's order finding his debt for attorney fees to be ·nondischargeable constitutes a modification of the support award, which modification can only be accomplished through arbitration. Will relies on section II of the separation agreement, which provides that if the parties cannot agree to the modification of maintenance payments, "the parties agree to submit the issue to arbitration." Will contends that, since his duty to pay attorney fees is now labeled as "maintenance," the amount of his maintenance payments has effectively been increased by the amount he is required to pay for attorney fees.

The arbitration clause of the separation agreement does not apply to this situation. As explained above, Will's various obligations under the separation agreement were established during the dissolution proceedings in state court, and there has been no modification of these obligations by the bankruptcy court. The sole issue before the bankruptcy court was whether Will's *pre-existing* debt to his former wife for attorney fees could properly be characterized as one for alimony, maintenance, or support for the purposes of § 523(a)(5). Will is in no worse position now than before his petition was filed; he simply is precluded from taking advantage of the liberal discharge provisions of Chapter 7 by the longstanding policy that familial support obligations cannot be avoided in bankruptcy.

For these reasons, IT IS ORDERED that the bankruptcy court's ruling denying the discharge of Will's debt for attorney fees is affirmed.