In re Bernard J. PETERS, Debtor.

James A. HENNENHOEFER, Plaintiff,

v.

Bernard J. PETERS, Defendant.

Bankruptcy No. 90 B 20892.

90 ADV. 6187.

United States Bankruptcy Court,
S.D. New York.

Feb. 28, 1991.

Fink Weinberger, P.C., White Plains, N.Y., for James A. Hennenhoefer.

Bernard J. Peters, New City, N.Y., pro se.

## DECISION ON COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

Plaintiff, James A. Hennenhoefer, has commenced an adversary proceeding in this Chapter 7 case for a determination that a state court order awarding him fees as the representative of the debtor's minor son in a custody proceeding in California involving the debtor and his ex-wife, is nondischargeable under 11 U.S.C. § 523(a)(5)(B). The debtor contends that the fee award, for which he is liable for one-half, is dischargeable because the award was made in a custody case and not in a divorce or separation proceeding, so that the fees should not be regarded as in the nature of alimony, maintenance or support.

### FINDINGS OF FACT

1. The debtor, Bernard J. Peters, voluntarily filed with this court a petition for relief under Chapter 7 of the Bankruptcy Code on December 11, 1990.

2. In 1982, the debtor's former wife, Dorothy M. Peters, commenced a legal separation action against him in the State of Virginia, Fairfax County.

3. Thereafter, Dorothy Peters, and their minor child, Brendan James Peters, moved to San Diego California, where Dorothy Peters filed a petition for legal separation in San Diego County Superior Court, California. By order dated May 18, 1982, the San Diego court awarded temporary legal custody of their son to the debtor's former wife.

4. On June 24, 1982, Dorothy Peters signed a stipulation filed in the Circuit Court of Fairfax County, Virginia, discontinuing her San Diego separation proceeding, which also resolved certain marital property rights and permitted Dorothy Peters to retain custody of their son.

5. Pursuant to a summons dated December 1, 1982, Dorothy Peters commenced a proceeding in the Superior Court of California, San Diego County, for exclusive custody of their son and for child support. In his answer, the debtor cross-claimed for exclusive custody of their son and for an order directing Dorothy "to pay to cross-complainant reasonable sums for child support of the minor child."

6. By order dated March 16, 1983, the California court appointed plaintiff, James A. Hennenhoefer, "to represent the parties' minor child, Brendan James Peters."

7. On May 9, 1984, the California court entered an order in the parties' custody and child support action which was captioned: "In the marriage of Petitioner: Dorothy H. Peters and Respondent: Bernard J. Peters." Plaintiff Hennenhoefer was awarded attorney's fees and costs in the sum of $889.99. Each party was directed to pay one-half of this amount.

8. Pursuant to an order dated June 9, 1984, the California court awarded fees to plaintiff as follows:

*As and for additional child support,* Petitioner shall pay to JAMES A. HENNENHOEFER the sum of $6,372.75 payable at the rate of $100.00 per month commencing November 1, 1983 and to continue each and every month thereafter until paid in full. If any payments, whether consecutive or not, are missed, then in that event the entire balance shall become due and payable and shall bear interest at the rate of ten percent per annum from date of default. Petitioner shall pay said attorney's fees from the child support hereinbelow ordered to be paid by Respondent to Petitioner. (Emphasis added)

9. By order dated September 18, 1988, the California court entered an order, which reads in relevant part as follows:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, as and for *additional child support,* each party shall pay one-half the attorney's fees and costs incurred on behalf of the minor child to James A. Hennenhoefer, in addition to all prior orders of this Court, in the sum of $46,817.44 as follows:

(a) Petitioner shall pay the sum of $23,408.76; and

(b) Respondent shall pay the sum of $23,408.76.

(Emphasis added).

10. On November 15, 1988, the Superior Court of the State of California, County of San Diego entered a judgment against the debtor in the total sum of $34,209.24 based upon the previous orders issued by the Court.

11. Based on the foregoing it is clear that the California court concluded that the debtor's son required representation by an attorney in the custody case for his own best interests and that each of the parents was to bear one-half of the cost of such representation as child support.

## DISCUSSION

■ An obligation for alimony, maintenance or support is nondischargeable under 11 U.S.C. § 523(a)(5) if it is owed "to a spouse, former spouse, *or child of the debtor* ..." and it arose in connection "with a separation agreement, divorce decree or *other order of a court of record* ...". (Emphasis added). Thus, an obligation for maintenance owed to a child which arose pursuant to an order of a court of record is expressly nondischargeable. An obligation to pay attorneys' fees with respect to a matrimonial action is considered in the nature of maintenance or support. *See e.g., Pauley v. Spong (In re Spong),* 661 F.2d 6 (2d Cir.1981). A liability in the nature of alimony or support is expressly nondischargeable under 11 U.S.C. § 523(a)(5)(B). The *Spong* case, determined that it made no difference that the payment of attorneys' fees was made to the attorney rather than directly to the spouse or child. In essence, the payment to the attorney is regarded as an indirect benefit or payment to the spouse or child. *See also, In re Schwartz,* 53 B.R. 407 (Bankr.S.D.N.Y.1985).

The debtor in the instant case maintains that the attorney's fees awarded to plaintiff by the California court in connection with his representation of the debtor's mi-

nor son is dischargeable because the award was made in a custody case and not in a divorce or separation proceeding. In support of this position, the debtor cites *In re Lanza*, 100 B.R. 100 (Bankr.M.D.Fla.1989), where Judge Paskay said:

> In fact, it appears that the real purpose behind the appointment of this guardian ad litem, the Plaintiff herein, was for the representation of the child's interest in a custody dispute between the child's parents and not for any issues involving support or maintenance of the child. Based on the foregoing, this Court is satisfied that the fees due to the Plaintiff as guardian ad litem are not obligations incurred in connection with alimony, support or maintenance of the child in connection with the divorce proceeding, but instead were fees incurred with respect to the custody dispute, which certainly is not contemplated to come within the exceptive provisions of the Debtor's general discharge.

*In re Lanza*, 100 B.R. at 101.

■ To be nondischargeable, an award for alimony, maintenance or support need not have arisen exclusively in connection with a separation agreement or divorce decree. As expressly stated in 11 U.S.C. § 523(a)(5), such award may have been made by an "other order of a court of record ...". Accordingly, the *Lanza* case does not stand for the proposition that an obligation for maintenance or support does not qualify for the nondischargeability exception under 11 U.S.C. § 523(a)(5) if it arises in a court proceeding other than an action for divorce or separation. A closer reading of the *Lanza* case reveals that the plaintiff did not establish that the fees awarded to a guardian *ad litem* for the debtor's minor child in a divorce proceeding indirectly benefitted the minor in the nature of support.

■ In the instant case, the plaintiff was not appointed as a guardian *ad litem*, where the central issue was the right to a divorce or separation. The focus in this case was the custody of the debtor's minor son. Plaintiff was appointed to represent the minor child's best interests in the custody proceeding. The services performed by Plaintiff were incurred on behalf of the

debtor's minor child to protect his interests because the court believed that such interests could not adequately be protected by his parents who normally are expected and required to assume the legal obligations of their minor child. Accordingly, the obligation for Plaintiff's fees for legal services benefitting the debtor's minor son should be regarded as an obligation in the nature of support received by the debtor's son, for which the California court ruled that the debtor was liable for one-half, as reflected by Plaintiff's judgment entered against the debtor in the California court. The majority of the Courts which have dealt with this issue have determined that fees awarded a court appointed guardian ad litem are nondischargeable pursuant to 11 U.S.C. § 523(a)(5). *See In re Wisniewski*, 109 B.R. 926, 930 (Bankr.E.D.Wis.1990); ("A spouse's need may extend to an action for custody of minor children as well as for the divorce action itself, and these fees will also be nondischargeable, provided that other factors indicating support are present."); *Hack v. Laney (In re Laney )*, 53 B.R. 231 (Bank.N.D.Tex.1985); (Debt owed to attorney or guardian ad litem is a nondischargeable debt even though it is a debt payable to a third party); *(In re Coleman)*, 37 B.R. 120 (Bankr.W.D.Wisc.1984). (Fees awarded to an attorney ad litem who represented the interests of a child in a divorce proceeding involving a custody dispute were held to be nondischargeable as fees for support.) *In re Morris*, 14 B.R. 217 (Bankr.D.Col.1981). (A fee awarded to an attorney ad litem considered a nondischargeable obligation where the duty of payment was one which the child was owed as offspring of a debtor parent, as distinguished from a duty of payment owed to a payee creditor.)

Additionally, it should be noted that the California court specifically awarded the fees in question "as and for additional child support." Thus, the court orders and the judgment entered on these orders expressly reflected the intent of the California court to create a support obligation. This point is a significant factor in determining that the obligation is in the nature of support. *Long v. Calhoun (In re Calhoun )*, 715 F.2d 1103 (6th Cir.1983).

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(J).

2. The California orders and judgment based on such orders in the sum of $34,-269.24 reflecting legal fees awarded to plaintiff by the California court for representing debtor's minor son in the California custody proceeding constitute an obligation in the nature of maintenance and support of the debtor's minor son.

3. The debtor's obligation to plaintiff in the sum of $34,269.24 constitutes a nondischargeable obligation within the meaning of 11 U.S.C. § 523(a)(5) for maintenance or support of the debtor's minor son in connection with an order of a court of record entered in a custody proceeding involving the debtor's minor son.

4. The above-mentioned obligation owed by the debtor to the plaintiff is nondischargeable as a debt in the nature of maintenance or support within the meaning of 11 U.S.C. § 523(a)(5)(B).

SETTLE ORDER on notice.