In re Michael K. KREITZER, Debtor.

Michael K. KREITZER, Plaintiff,

v.

Candace GAMBLE, Defendant.

Bankruptcy No. 3–90–04369.
Adv. No. 3–90–0252.

United States Bankruptcy Court,
S.D. Ohio, W.D.

July 17, 1991.

Thomas R. Noland, David L. Eubank, Altick & Corwin, Dayton, Ohio, for plaintiff, debtor.

Scott D. Rudnick, Greenville, Ohio, for defendant.

## DECISION AND ORDER GRANTING SUMMARY JUDGMENT IN PART

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the court upon plaintiff/debtor's motion and memorandum for summary judgment on the complaint to determine dischargeability and defendant's memorandum in opposition. The court has jurisdiction to hear and determine this matter as a core proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I).

The plaintiff/debtor's complaint requests the court to determine the dischargeability of a certain debt. The debt was created by a divorce decree in June 1988 and the final decree of the Darke County Common Pleas Court dated August 23, 1988. The court now considers the motion for summary judgment on the plaintiff/debtor's complaint. The defendant filed a counterclaim for an order that the debt is not dischargeable under 11 U.S.C. § 727 and § 523, for judgment in the amount of the debt or, in the alternative, that the court deny the debtor's discharge under § 727 and order the trustee to examine certain acts and conduct of the debtor to determine whether grounds exist for denial of a discharge. This decision deals only with the motion for summary judgment of the plaintiff.

The exhibits to the memorandum supporting the plaintiff's motion are the Darke County Common Pleas Court judgment entry of October 25, 1989 (the second judgment), (Exhibit A); Darke County Common Pleas Court decree of divorce dated August 3, 1988 (first judgment), (Exhibit B); Darke County Court of Appeals opinion dated June 26, 1989, (Exhibit C); Darke County Court of Appeals opinion dated August 21, 1990, (Exhibit D); Defendant's memorandum opposing Ohio Supreme Court jurisdiction (Exhibit E); and Deposition of Candace K. Gamble dated April 10, 1991 (Exhibit F). The defendant attached the trial court judgment entries as exhibits to the Memorandum in Opposition.

## FINDINGS OF FACT

The supporting documents of the motion and defendant's memorandum contain the pertinent facts. Michael and Candace Kreitzer were married for 16 years and were in their late 30's at the time of the divorce in 1988. During most of their marriage Candace was a housewife and mother to the couple's two daughters, aged 14 and 11 in 1988. In 1988 Candace was working at the YMCA as an instructor for $17,500 annually. Michael continued to make about $30,000 at the family funeral home. The Darke County Common Pleas Court granted a divorce on June 20, 1988. The divorce decree was entered on August 3, 1988. The court ordered defendant to offer her interest in the marital residence to the defendant husband or the residence "shall be sold and the plaintiff (Candace) should receive $17,412 or one-half the net proceeds from sale, whichever is greater." The court also ordered a division of other marital personal property which the parties do not dispute. The court found that Michael's sixty shares in Kreitzer Funeral Home were not subject to equitable division. The court further ordered in accordance with Ohio Revised Code Section 3105.18 that Candace was entitled to alimony of $645.00 per month for 36 months.

Following Michael's appeal of the judgment, the Darke County Court of Appeals on June 26, 1989 reversed the installment alimony award as excessive and not based on need. The appeals court remanded the case to the trial court to reconsider the sustenance alimony and to consider whether Candace had an equitable interest in Michael's stock, and, if so, to determine the value of that interest. The appeals court further authorized the trial court "to fashion an *unconditional* payoff order whereunder Michael pays Candace the value of her interest in his shares."

Upon remand the trial judge on October 25, 1989 "netted out" the value of certain retirement accounts of each party, then held that Candace had an equitable interest in the funeral home stock, which, based upon the valuation testimony, was worth $44,112. The court ordered Michael to pay Candace $44,112 within ninety days of the filing of the judgment order.

Michael appealed this order. The Court of Appeals of Darke County on August 21, 1990 affirmed the trial court's determinations and order, noting it is well established that "[s]ustenance, alimony and property division alimony are necessarily interrelated parts of a single whole (alimony) under Ohio law expressed in R.C. 3105.18." *Buckles v. Buckles*, (1988) 46 Ohio App.3d 102, 110, 546 N.E.2d 950. The court of appeals affirmed the trial court's finding that Candace sublimated her career to permit Michael to further his own career and accepted a lower standard of living with the understanding that Michael one day would own the family business. The wife had an equitable interest in the stock.

## SUMMARY JUDGMENT

■ The motion for summary judgment is governed by Fed.R.Civ.P. 56 which provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c).

The documents supporting the motion for summary judgment must be viewed in the light most favorable to the party opposing the motion. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

The standard for summary judgment "mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The new emphasis on the use of summary judgment and its effect upon litigation is discussed in *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir.1989).

The court will now apply these standards to the issues presented in this case to determine whether summary judgment may be rendered in this case.

## CONCLUSIONS OF LAW

■ The case must be decided under the provisions of 11 U.S.C. § 523(a)(5)(B) which provides that debts for alimony, maintenance and support are exceptions to discharge. The court has considered the state law applicable to this case contained in Ohio Revised Code Section 3105.18. In addition to the statutory provisions the court has considered the Sixth Circuit pronouncements in *Long v. Calhoun (In re Calhoun)*, 715 F.2d 1103 (6th Cir.1983) and *Singer v. Singer (In re Singer)*, 787 F.2d 1033 (6th Cir.1986).

As instructed in *Calhoun*, we have considered the state law because "Congress could not have intended the bankruptcy courts to ignore well developed state law principles of domestic relations...." 715 F.2d at 1107. This court holds that in applying the formula of *Calhoun* the obligation created by the judgment ordering payment of $44,112 is a settlement of a property interest. The value of Candace's equitable interest in 60 shares of Kreitzer Funeral Home stock was determined by the trial court.

As noted in the *Singer* case, the *Calhoun* formula for determining the obligation to be in the nature of alimony or property settlement is as follows:

(1) whether the *intent* of the state court or the parties was to create a support obligation;

(2) whether the support provision has the actual *effect* of providing necessary support;

(3) whether the amount of support is so excessive as to be *unreasonable* under traditional concepts of support; and

(4) if the amount of support is unreasonable, how much of the support should be characterized as non-dischargeable for purposes of federal bankruptcy law.
787 F.2d at 1036.

The clear statement of the court of appeals to the trial court in remanding the case (Exhibit C) was to agree with Michael that the sustenance alimony be reconsidered. Further, the court of appeals authorized the trial court to reconsider the division of the parties' assets. The court instructed the trial court that the equitable interest in the stock "could have been recognized by his ordering Michael to pay Candace the value of her interest in the stock, just as he had ordered Michael to pay Candace the value of her share of what he expressly designated 'marital assets'." The court of appeals made the distinction between sustenance alimony and the equitable interest in stock when it stated:

"Because the amount of these payments bear little relationship to Candace's demonstrated need, we will remand this matter for a redetermination of sustenance alimony if, indeed, it is necessary. Because the 36 month alimony order appears to us to have been an attempt to balance the equities, we authorize the trial judge, on remand, to consider whether Candace had an equitable interest in Michael's stock, and, if so, to determine the value of that interest."

The trial judge in his reconsideration ordered Michael to pay Candace $44,112 within ninety days of the filing of the order unconditionally. The trial court made no order for sustenance alimony. The trial court had previously ordered child support and considered the relative earning capacity of each of the parties and the ages of Michael and Candace. In the second appeal dated August 21, 1990 the court of appeals affirmed the trial court. The court stated "we authorize the trial court to reconsider appellee's entitlement, if any, to sustenance alimony and her entitlement, if any, to an equitable interest in the Kreitzer Funeral Home stock."

The court is aware from the memoranda that the second opinion of the court of appeals was not reversed although the matter was appealed to the Ohio Supreme Court. The Ohio Supreme Court declined to accept jurisdiction.

The court holds that the obligation arising from the trial court order to pay the

value of the shares of stock is dischargeable as an obligation arising from a division of property. The motion for summary judgment is therefore granted. The debt is a division of property and not in the nature of alimony, maintenance or support. The plaintiff/debtor is entitled to summary judgment that such obligation is dischargeable.

This proceeding will proceed upon the counterclaim of the defendant, Candace Gamble.