In re Varghese KAVANAKUDIYIL, Debtor.

Mariamma KAVANAKUDIYIL, Plaintiff,

v.

Varghese KAVANAKUDIYIL and Eric Kurtzman, Trustee, Defendants.

Bankruptcy No. 91 B 21244.
No. 91 Adv. 6221.

United States Bankruptcy Court, S.D. New York.

July 15, 1992.

Ian J. Gazes, New York City, for debtor.

Leonard E. Lombardi, Pleasantville, N.Y., for plaintiff (Mariamma Kavanakudiyil).

## DECISION ON MOTION FOR SUMMARY JUDGMENT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Varghese Kavanakudiyil ("Kavanakudiyil"), the debtor in this Chapter 7 case, has moved for summary judgment in an adversary proceeding brought by his former wife, Mariamma Kavanakudiyil ("Mariamma"), to declare certain obligations to her which arise from a judgment of divorce as nondischargeable debts under 11 U.S.C. § 523(a)(5)(B) and to declare as valid and unavoidable certain liens executed in connection with these obligations. Kavanakudiyil argues that his obligations to Mariamma should not be excepted from discharge because they are not in the nature of alimony, maintenance or child support but rather represent a combination of punitive damages and a property settlement. Mariamma opposes the motion arguing that the obligations constitute maintenance and child support and therefore are nondischargeable.

### FACTUAL BACKGROUND

Kavanakudiyil, the debtor, was divorced from Mariamma in New York State Supreme Court, County of Westchester on February 22, 1991. Justice Dennis Donovan presided over the action. At the conclusion of the divorce trial, on March 28, 1991, Justice Donovan rendered a decision from the bench ("Decision"). Subsequently, on June 21, 1991, he issued Findings of Fact and Conclusions of Law ("Findings") and a Judgment of Divorce and Money Judgment ("Judgment") which reflected his Decision. Justice Donovan's Decision set forth the following facts:

(1) Kavanakudiyil's annual income has been at least $40,000.00 for the last several years. He has often worked off of the books.

(2) Kavanakudiyil's income for the purpose of determining child support is $45,000.00.

(3) Mariamma testified that she was not seeking any temporary maintenance.

(4) Kavanakudiyil was 49 and Mariamma was 48 and both were in good health when the Decision was rendered.

(5) The economic future of both parties is gloomy because of the substantial amount of marital debt.

(6) Kavanakudiyil wasted assets during the marriage.

(7) Kavanakudiyil, during the divorce proceeding, concealed income and assets.

(8) Kavanakudiyil protracted the divorce litigation. This delay was one reason for awarding Mariamma attorneys fees.

Although Justice Donovan, in his Decision, alluded to the fact that Mariamma was

employed as a nurse during the marriage, he did not specifically refer to her employment or wages. It is clear throughout the Decision that Justice Donovan was primarily concerned with the welfare of the couple's two children as reflected in the following language:

The Court is concerned about the break-up of the marital residence and whether in the interest of the children and their custodial requirement the home and furnishings, whether they remain intact while the children develop and mature.

*Kavanakudiyil v. Kavanakudiyil,* New York State Supreme Court, Westchester County, Index No. 16817/87, March 28, 1991, Justice Dennis Donovan at 7.

A Judgment of Divorce was entered by the state court on June 20, 1991. The Judgment rendered by Justice Donovan does the following:

(1) Awards custody of the couple's two children to Mariamma subject to Kavanakudiyil's visitation rights;

(2) Awards exclusive occupancy and possession of the marital residence located in Armonk, New York to Mariamma for the use and benefit of the children until the youngest child reaches 19 or graduates from high school, whichever is sooner "so that the children may enjoy at least a reasonable standard of living until the children are furnished their college education." *Id.* at. 16.

(3) Grants Mariamma, upon the sale of the premises, sixty-five percent of the net proceeds and grants Kavanakudiyil thirty-five percent. Mariamma was awarded the larger portion because "she will need the money to provide a home for the children when they come home from college and if they become day hops, to provide food clothing and shelter for the children during their formative college years." *Id.* at 16.

(4) Imposes upon Mariamma responsibility for expenses associated with the maintenance of the residence including payments due under the first mortgage, real estate taxes, insurance, heat, fuel, telephone, and utilities;

(5) Imposes upon Kavanakudiyil responsibility for payments due under any second mortgage or home equity loan;

(6) Awards possession and ownership of all furniture and furnishings in the marital residence to Mariamma except for those items given to Kavanakudiyil by his family;

(7) Requires Kavanakudiyil to pay Mariamma $109.01 per week for each child as Child Support until the earlier of emancipation or attainment of age 21;

(8) Requires both parties to maintain the same type of health and insurance coverage for the benefit of their children that they carried prior to the divorce action and requires both parties to share equally medical expenses that are not covered by insurance;

(9) Allows Mariamma to claim the youngest child as a deduction for tax purposes and allows Kavanakudiyil to claim the eldest child; and

(10) Awards to Mariamma $7,600.00 on account of child support arrears, $35,229.00 representing Mariamma's legal fees in connection with the divorce and grants immediate execution of these judgments upon Kavanakudiyil's property.

Justice Donovan did not specifically designate any of the awards in the Judgment as alimony or maintenance. He classified a monetary award to Mariamma as child support.

On August 8, 1991, shortly after the Findings and Judgment were entered by the state court, Kavanakudiyil filed a voluntary petition with this court under Chapter 7 of the United States Bankruptcy Code and a trustee was duly appointed to administer the estate in bankruptcy. Mariamma then commenced an action against Kavanakudiyil to declare that his obligations under the Judgment are nondischargeable debts pursuant to 11 U.S.C. § 523(a)(5) and to declare that the liens executed in connection with the Judgment are valid and unavoidable judicial liens on the debtor's property. Kavanakudiyil concedes that the awards to Mariamma which are classified as child support are nondischargeable

debts pursuant to 11 U.S.C. § 523(a)(5). However, he argues that the remaining obligations are dischargeable under 11 U.S.C. § 727(a) because they are in the nature of a property settlement rather than alimony.

In support of his motion for summary judgment, Kavanakudiyil asserts that there are no material facts in issue. He relies upon the transcript of the divorce trial, the Facts issued by the State Supreme Court and the Judgment. Kavanakudiyil argues that these documents indicate that the purpose behind the awards to Mariamma was to achieve equitable division of marital property and to impose punitive damages upon him. Kavanakudiyil alleges that the facts set forth during the divorce trial establish that his obligations represent a combination of a property settlement and punitive damages. Among these factors are: (1) The parties had similar incomes and earning capacities at the time of the divorce. (2) They are almost the same age and in good health. (3) Mariamma, waived her right to temporary alimony and support. (4) Justice Donovan suggested that he secreted assets and failed to disclose income. These factors, Kavanakudiyil asserts, are reflected in Justice Donovan's Findings and Judgment which, he alleges, place similar financial obligations on both parties.

Mariamma opposes Kavanakudiyil's motion. She argues that it cannot be inferred from the trial transcript, the Findings, and the Judgment that the obligations constitute a combination of a property settlement and punitive damages. Mariamma notes that the Judgment does not refer to the factors that Kavanakudiyil relies upon in support of his motion. She asserts that Kavanakudiyil's obligations to her represent an award of alimony and maintenance. Accordingly, she contends, the liens which attached to Kavanakudiyil's assets as a result of the Judgment are valid and unavoidable.

## DISCUSSION

■ Kavanakudiyil has moved for summary judgment under Federal Rule of Civil Procedure 56, which is made applicable to this adversary proceeding by Bankruptcy Rule 7056. In ruling on a motion for summary judgment, the court must review the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, to determine if there is no genuine issue as to any material fact so that the moving party is entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 599, 106 S.Ct. 1348, 1362, 89 L.Ed.2d 538 (1986). In the instant case, in deciding the motion for summary judgment, the court will primarily rely upon the trial transcript and the Findings and Judgment of the state court.

■ Summary judgment may also be granted in favor of the nonmoving party if it appears warranted. In this case, Kavanakudiyil has invoked the power of the court to render summary judgment. This invocation gives the court the authority to render summary judgment for the nonmoving party even though that party did not request such relief because a motion for summary judgment searches the pleadings. *Viger v. Commercial Ins. Co. of Newark, N.J.*, 707 F.2d 769, 774 (3d Cir.1983); *Morrissey v. Curran*, 423 F.2d 393 (2d Cir. 1970), *cert. denied*, 399 U.S. 928, 90 S.Ct. 2245, 26 L.Ed.2d 796 (1970); *In re Soly Srour*, 138 B.R. 413, 419 (Bankr.S.D.N.Y. 1992). Accordingly, if the facts support a ruling that Kavanakudiyil's obligations are nondischargeable, this court will grant summary judgment in favor of Mariamma.

■ The issue before this court is whether, as a matter of law, Kavanakudiyil's obligations under the Judgment for Mariamma's attorneys fees and for any secondary mortgages are dischargeable under 11

U.S.C. § 727(a). Pursuant to 11 U.S.C. § 523(a)(5)(B), a discharge under 11 U.S.C. § 727(a) does not include any debt:

to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support;

11 U.S.C. § 523(a)(5)(B). Because Kavanakudiyil's obligations under the Judgment were not specifically categorized, in order to be dischargeable under 11 U.S.C. § 727(a), they must be actually in the nature of alimony or maintenance, or support. If the obligation is determined to represent a property settlement, it is discharged under 11 U.S.C. § 727(a). *Brody and Brody v. Birdseye (In re Birdseye)*, 548 F.2d 321, 325 (10th Cir.1977); *In re Kreitzer*, 130 B.R. 505, 508 (Bankr.S.D. Ohio 1991); *In re Freyer*, 71 B.R. 912, 917 (Bankr.S.D.N.Y.), *aff'd*, No. 87 Civ. 8740(GLG) (S.D.N.Y. Nov. 13, 1987).

■ Whether or not a debt is a support obligation or part of a property settlement is a question of federal bankruptcy law and not state law. *Long v. West (In re Long)*, 794 F.2d 928, 930 (4th Cir.1986); *Shaver v. Shaver (In re Shaver)*, 736 F.2d 1314, 1316 (9th Cir.1984); *Long v. Calhoun (In re Calhoun)*, 715 F.2d 1103, 1107 (6th Cir.1983); *Freyer*, 71 B.R. at 916. The complaining spouse has the burden of establishing that an obligation is nondischargeable on the ground that it is actually in the nature of alimony, maintenance or support, because the dischargeability is favored under the Bankruptcy Code. *Tilley v. Jessee*, 789 F.2d 1074, 1077 (4th Cir.1986); *Calhoun*, 715 F.2d at 1111. The standard of proof for a party seeking nondischargeability under 11 U.S.C. § 523(a) is "the ordinary preponderance of the evidence standard." *Grogan v. Garner*, —— U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

### Obligation For Second Mortgage And Equity Loans

This court must determine whether Kavanakudiyil's obligation to pay debts incurred with Mariamma during the marital period is dischargeable as alimony, support or maintenance. The leading case dealing with this issue is *Calhoun*, 715 F.2d 1103 (6th Cir.1983). Although *Calhoun* specifically deals with debts arising under a separation agreement, the reasoning of the court in that case should also apply to obligations mandated by a judgment of divorce.

■ The *Calhoun* court sets forth a two-tiered test, with each tier consisting of several factors to be considered in making a determination of the dischargeability of certain obligations arising in connection with a divorce proceeding. The first factor for consideration under the *Calhoun* test is whether the state court intended to create an obligation to provide support through the assumption of joint debts. In making such an inquiry, the bankruptcy court may consider relevant evidence including:

[T]he nature of the obligations assumed (provision of daily necessities indicates support); the structure and language of the parties' agreement or the court's decree; whether other lump sum or periodic payments were also provided; length of the marriage; the existence of children from marriage; relative earning powers of the parties; age, health and work skills of the parties; the adequacy of support absent the debt assumption; and evidence of negotiation or other understandings as to the intended purpose of the assumption.

*Calhoun*, 715 F.2d at 1108 n. 7.

If the bankruptcy court finds that there was intent by the state court or the parties to create an obligation of support, then the bankruptcy court should apply the second tier of the *Calhoun* test. This next inquiry is "whether such assumption has the effect of providing the support necessary to en-

sure that the daily needs of the former spouse and children of the marriage are satisfied." *Calhoun,* 715 F.2d at 1109. If this second aspect of *Calhoun* is met, the debt is nondischargeable.

In applying the *Calhoun* test to this case, this court must first examine the intent of the state court in placing on Kavanakudiyil the responsibility for paying any second mortgages and equity loans. Under the *Calhoun* factors for determining the objective of the obligation, it is clear that the purpose behind requiring Kavanakudiyil to shoulder these debts is to provide his two children with a home during their adolescence. Justice Donovan explained in his Decision that his reason for awarding possession of the marital home to Mariamma was to secure for the children a home to live in and a reasonable standard of living. A home is the children's fundamental daily necessity. The cash child support payment awarded to Mariamma for the benefit of the children is clearly inadequate to effectuate support absent Kavanakudiyil's obligation to pay the second mortgage and equity loan. Although Mariamma is employed as a nurse, Justice Donovan did not require her to contribute any money toward the support of the children. The burden of paying child support was placed solely on Kavanakudiyil. The objective of Justice Donovan's ruling that Kavanakudiyil pay the second mortgage and any equity loan is to enable the children to remain in the marital home. Thus, the obligation is in the nature of child support.

Having found that there was intent by the state court to create an obligation for child support, this court must next apply the second tier of the *Calhoun* test, namely, whether the obligation has the effect of providing the support necessary for the daily needs of Kavanakudiyil's children. One of the most basic needs of children is a home. Mariamma and the children can remain in possession of the home so long as the mortgage debts secured by the residence are paid. Kavanakudiyil's payment of certain debts secured by the home will permit the children to live there comfortably. The payments are necessary for the children to have a roof over their heads. Accordingly, Kavanakudiyil's obligation under the Judgment to pay the second mortgage and any equity loans constitute child support in that it provides for a portion of the daily needs of the two children.

Kavanakudiyil's obligation to pay the second mortgage and any equity loans satisfies both elements of the *Calhoun* test. Justice Donovan by his Decision intended to create an obligation to provide child support through the payment of certain debts secured by the marital home. In addition, the obligation has the effect of providing the support necessary to insure that the daily needs of the children for housing are met. As a result, Kavanakudiyil's obligation to pay the second mortgage and any equity loans is in the nature of child support and is nondischargeable under 11 U.S.C. § 523(a)(5).

### Attorneys Fees

As a general rule in the Second Circuit, awards of attorneys fees in a divorce judgment are considered nondischargeable debts in the nature of alimony, maintenance or support. The leading case in this area is *Pauley v. Spong (In re Spong),* 661 F.2d 6 (2d Cir.1981). *See also Silansky v. Brodsky, Gleenblatt & Renehan (In re Silansky),* 897 F.2d 743, 744 (4th Cir.1990). Attorneys fees are usually classified as support because their underlying purpose is to provide each party with the financial means to represent adequately the party's interests during the divorce proceeding. *In re Peters,* 124 B.R. 433 (Bankr.S.D.N.Y.), *aff'd,* 133 B.R. 291 (S.D.N.Y.1991), 964 F.2d 166 (2d Cir.1992); *Spong,* 661 F.2d at 9; *In re Schwartz,* 53 B.R. 407, 411 (Bankr.S.D.N.Y.1985), *aff'd,* 58 B.R. 923 (S.D.N.Y.1986). In the instant case, in accordance with the general rule in this Circuit, Kavanakudiyil's obligation under the Judgment to compensate Mariamma for her attorneys fees incurred in connection with the divorce proceeding are nondischargeable.

Other courts have held that obligations to pay attorneys fees arising out of divorce cases are not automatically dischargeable.

Rather, the bankruptcy court must examine the substance of the obligation to determine whether it is in the nature of support or property settlement. *In re Hart*, 130 B.R. 817, 825 (Bankr.N.D.Ind.1991); *In re Haas*, 129 B.R. 531, 537 (Bankr.N.D.Ill. 1989); *Miskovsky v. Skinner*, 88 B.R. 360, 361 (Bankr.W.D.Okl.1987). The facts of this case support following the general rule. Manifestly, Kavanakudiyil's obligation to pay Mariamma's attorneys fees are in the nature of support.

It is clear that Mariamma could not afford to pay the first mortgage and maintain the marital residence for the benefit of the children, as ordered by the state court, if she is not compensated for her attorneys fees. The transcript of the divorce proceeding indicates that Mariamma's annual earnings are less than Kavanakudiyil's income. Justice Donovan, in his Decision, did not specifically require her to expend any portion of her income to support the children. On the other hand, Kavanakudiyil was ordered to pay a weekly sum, reflecting 25% of his reported income, to Mariamma as child support. Justice Donovan intended that Kavanakudiyil primarily bear the expenses relating to supporting the children. He was concerned about the welfare of the children and wanted them to remain in the marital home and enjoy a reasonable standard of living during their formative years. Mariamma will be unable to maintain the household if she is required to pay the attorneys fees incurred in connection with the divorce. Accordingly, Kavanakudiyil's obligation to pay Mariamma's attorneys fees represents, in essence, child support and is nondischargeable under 11 U.S.C. § 523(a)(5).

This court rejects Kavanakudiyil's argument that the award of attorneys fees represents a property settlement. Justice Donovan was not attempting to achieve a property settlement in his Decision. Practically all of the provisions of his Decision are intended to benefit the children. Mariamma is awarded the home and furnishings on their behalf. Upon the sale of the residence, she is awarded a greater portion of the proceeds than Kavanakudiyil because Justice Donovan wanted the children to live in a stable home during their college years. The objective behind Justice Donovan's Decision is not to achieve a property settlement, but rather, to provide a comfortable life for the children of the marriage.

The award of attorneys fees also does not represent a punitive damage award to Mariamma. Although Justice Donovan stated that one reason for his awarding attorneys fees to Mariamma was Kavanakudiyil's dilatory tactics during the divorce proceeding, he did not suggest that the award was punitive in nature. Rather, his Decision reflects that the award was made to provide support for Kavanakudiyil's children.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(I).

2. Kavanakudiyil's motion for summary judgment of the adversary proceeding to declare certain debts nondischargeable is denied. The facts of this case do not support Kavanakudiyil's position that certain obligations arising under the Judgment of Divorce are dischargeable under 11 U.S.C. § 727(a) in that they represent a combination of a property settlement and punitive damages.

3. Kavanakudiyil's motion for summary judgment searches the pleadings and invokes the court's authority to grant summary judgment against him and in favor of his former spouse, Mariamma. Summary judgment is granted for Mariamma and Kavanakudiyil's obligations are nondischargeable under 11 U.S.C. § 523(a)(5). Kavanakudiyil's obligation for the second mortgage and equity loans is nondischargeable because the purpose behind the obligation was to provide the children of the marriage with support, and payment of the obligation is necessary to furnish the children with their basic daily needs. Kavanakudiyil's obligation to pay Mariamma's attorneys fees is nondischargeable because it

represents child support in that payment of the obligation is necessary to permit the children to remain in the marital home.

4. Because Kavanakudiyil's obligations to pay Mariamma's attorneys fees are non-dischargeable, the liens which attached to his property interest by virtue of the Judgment of Divorce are valid and unavoidable. SETTLE order on notice.