**MARCUS, OLLMAN & KOMMER,**
Plaintiff,

v.

**Joseph PIERCE, Defendant.**

No. 96 Civ. 1611 (BDP).

United States District Court,
S.D. New York.

July 24, 1996.

Jerold Rotbard, Harold, Salant, Strassfield & Spielberg, White Plains, NY, for Plaintiff.

Ira S. Clair, Clair & Gjersten, Scarsdale, NY, for Defendant.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

Before the court is debtor Joseph Pierce's ("Pierce") appeal of an order of the Bankruptcy Court Judge Hardin in which the Court held that fees awarded to law firm Marcus, Ollman & Kommer ("Kommer") for its representation of Pierce's wife ("Mrs. Pierce") in their divorce proceeding were in the nature of support and thus nondischargeable debts within the meaning of 11 U.S.C. § 523(a)(5).

On January 18, 1995, the Supreme Court, Dutchess County granted a final judgement of divorce dissolving the marriage of Teresa Sutton, then Teresa Pierce, and Joseph Pierce. The judgment ordered Pierce to make child support payments and pay maintenance to Teresa Pierce and to pay legal fees in the amount of $16,000.

On September 21, 1994, Pierce filed a voluntary petition for relief under Chapter 7 of the Bankruptcy code. Kommer commenced an adversary proceeding on March 20, 1995, seeking a decree that its claim was nondischargeable as maintenance and support pursuant to § 523(a)(5) of the Bankruptcy Code. After cross motions for summary judgment in this matter were filed in December, Judge Hardin held that the debt owed to Kommer was nondischargeable. This appeal followed.

On appeal, conclusions of law are reviewed *de novo*. Fed.Rules Bankr. 8013; see *Brunner v. New York State Higher Educ. Services Corp.*, 831 F.2d 395 (2d Cir. 1987). It is well established in this circuit that obligations in the nature of alimony and support may include the duty to pay attorneys' fees to a former spouse in connection with a divorce proceeding and are therefore nondischargeable. See *In re Spong*, 661 F.2d 6, 8 (2d Cir.1981); *In re Peters*, 124 B.R. 433, *aff'd*, 133 B.R. 291 (S.D.N.Y.1991), 964 F.2d 166 (2d Cir.1992); *In re Kavanakudiyil*, 143 B.R. 598, 603–04 (Bankr.S.D.N.Y. 1992).

Pierce argues that there are facts in this case which warrant an exception to this rule. Specifically, he argues that his former wife never incurred any debt to him in the nature of attorneys fees an therefore the fees are dischargeable. In support, Pierce relies on an affidavit submitted by Kommer in connection with the divorce proceedings in which Kommer stated that he "agreed to accept only those counsel fees as awarded by this court." Pierce argues that because Kommer did not seek to pursue his fees from his client, she did not incur any debt. We disagree. Attorneys' fees are deemed non-dischargeable debt in order to provide each party with the financial means to represent adequately the party's interest during the divorce proceeding. See *In re Kavanakudiyil*, 143 B.R. at 603; see also *In re Silberfein*, 138 B.R. 778, 781 (S.D.N.Y. 1992) ("If a debtor is ordered to pay an ex-spouses' attorneys fees incident to a dissolution, and the fee awarded are based upon need, such fees are usually nondischargeable being in the nature of support"), (citing *In re Hart*, 130 B.R. 817, 825 (Bankr.N.D.Ind. 1991)); *In re Will*, 116 B.R. 254, 256 (D.Colo. 1990). Kommer's affidavit does not indicate that the firm would represent Theresa Pierce at no cost under any circumstances. Rather Kommer, recognizing both that Theresa Pierce did not then have adequate resources to pay a retainer fee and other costs and that the court would likely order Pierce to pay his wife's attorneys' fees, agreed to limit its payments to court ordered fees. Accordingly, we see no reason in this case to depart from the general rule that attorneys fees incurred in a divorce proceeding are non-dischargeable.

## CONCLUSION

For the foregoing reasons, the decision of the Bankruptcy Court is affirmed.

**SO ORDERED.**