[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on November 29, 1980. The plaintiff husband brought this dissolution of marriage action in January of 1996.
They jointly owned and resided together in a home at 116 Patton Drive, Cheshire, Connecticut with their two minor children. At the time the plaintiff filed for the dissolution, he had moved out, and the defendant was residing in the Cheshire home with the two children.
Pendente lite orders were entered by agreement on April 2, 1996. The plaintiff was ordered to pay to the defendant the sum of $280 per week (approximately $1213 per month) as unallocated alimony and child support. At the time, the defendant was a self-employed housekeeper earning $170 per week and the plaintiff was a sales clerk earning $516 per week.
On May 23, 1996, the parties entered into a comprehensive separation agreement which was incorporated that day into the decree of dissolution of marriage. The decree provided that the family home be transferred to the defendant and that she pay and hold the plaintiff harmless from the first mortgage. The plaintiff was to pay the second mortgage and was to pay unallocated alimony and child support of $800 per month, subject to certain future contingencies. The first mortgage had an outstanding balance of about $118,000 with a monthly payment of $1200. The second mortgage had an outstanding balance of $15,000 with a monthly payment of $200.
The plaintiff has now filed a petition in bankruptcy[1]
CT Page 95 seeking to discharge his obligation to pay the second mortgage and to discharge his obligation to hold the defendant harmless on it. The defendant argues that the payment of the second mortgage was intended to be additional support for her and the children and thus it is not dischargeable.
The issue is whether, under the provisions of11 U.S.C. § 523 (a)(5), the agreement and order that the plaintiff hold the defendant harmless from the payment of the second mortgage "is actually in the nature of alimony, maintenance, or support. . . ." Id. This court has concurrent jurisdiction with the bankruptcy court to decide whether the hold harmless agreement is in the nature of alimony, maintenance, or support. See, e.g., In Re Edwards, 172 B.R. 505, 523 (D. Conn. 1984), and generally, 11 U.S.C. § 523 (c) which reserves certain other determinations exclusively for the Bankruptcy Court.
It is the substance of the obligation and not the form to which the court must look. In re Spong, 661 F.2d 6, 9 (2d Cir. 1981). In a situation where the language of the decree leaves room for doubt about the intent of the court or the parties, courts have examined other factors to illuminate intent. In reBerg, 167 B.R. 9, 13 (Bankr. E.D.N.Y. 1994). Among these are:
 the context in which the debt appears in the decree; whether the obligation terminates on the death or remarriage of either party; whether there are children who must be supported; whether the obligation balances the incomes of the parties; the relative earning power of the parties; whether the payments are to be made directly to the spouse or to a third party; whether there is a lump sum payment or installment payments; whether an assumption of debt has the effect of providing necessary support to insure that the daily needs of the former spouse are met; whether an assumption of debt has the effect of providing support necessary to insure a home for the spouse; whether there was a division of property and a division of debts related to that property; and the age and health of the former spouse.
In re Edwards, supra at 513.
The evidence presented by both the plaintiff and defendant was that the subjective intent of the parties was to create a CT Page 96 financial arrangement that would allow the defendant and the minor children to remain in the family home. They knew that this would be difficult given the very modest income of the defendant. Nevertheless, the amount paid by the plaintiff as unallocated alimony and child support was reduced from the pendente lite amount of $1213 per month, with the defendant paying all shelter costs, to $800 per month plus the $200 per month second mortgage expense, with the defendant paying all other shelter costs.
It is clear that the payment by the plaintiff of the second mortgage is necessary for the basic support of the defendant and the children. The reduced amount of unallocated alimony and child support was arrived at by negotiating this alternative method to provide for the needs of the family. This court finds that the payment of the second mortgage by the plaintiff and the agreement to hold the defendant harmless is an obligation that is in the nature of alimony and support and is therefore not dischargeable.
Patty Jenkins Pittman, Judge